## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.P., a Minor, By and Through Her Parent and Natural Guardian, Aracely Paulino,<br><br>     Plaintiff,<br><br> v.<br><br>RSU, Inc. d/b/a Subway, Sharon Urbanczuk, and Linda Gunderson,<br><br>     Defendants. | Case No.:<br><br>_____<br><br>**JURY TRIAL DEMANDED**<br><br>*ELECTRONICALLY FILED* |

## COMPLAINT

Plaintiff, J.P., a Minor, By and Through Her Parent and Natural Guardian, Aracely Paulino, by and through her attorneys, Weisberg Cummings, P.C., brings this civil action for damages against the above-named Defendants, RSU, Inc. d/b/a Subway, Sharon Urbanczuk, and Linda Gunderson, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, 42 U.S.C. §2000e *et seq.*, as well as pendent state law claims arising under the provisions of the Commonwealth of Pennsylvania, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* (the "PHRA"), and 28 U.S.C. §§1331 and 1343.

2. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and because the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

3. Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

4. Plaintiff, J.P. ("J.P."), a minor, is a seventeen (17) year old female resident of the Commonwealth of Pennsylvania, residing therein with her parent and natural guardian, Aracely Paulino, in Allentown, Lehigh County, Pennsylvania.

5. Defendant RSU, Inc. d/b/a Subway ("RSU") is a Pennsylvania corporation with a principal place of business located in Allentown, Lehigh County, Pennsylvania.

6. At all times relevant to this Complaint, RSU was a franchise owner and operator of a Subway fast-food restaurant located at 4664 Broadway, Unit A12, Allentown, Lehigh County, Pennsylvania ("Subway"), at which J.P. was employed.

7. At all times relevant to this Complaint, RSU was an employer as defined by Title VII and the PHRA.

8. Defendant Sharon Urbanczuk ("Ms. Urbanczuk") is an adult female who, upon information and belief, resides in Bethlehem, Northampton County, Pennsylvania.

9. At all times relevant to this Complaint, Ms. Urbanczuk was the owner and President of RSU, and maintained overall responsibility for the operations and policies of RSU.

10. Defendant Linda Gunderson ("Ms. Gunderson") is an adult female who, at all times relevant to this Complaint, was employed by RSU as a manager at the Subway.

## ADMINISTRATIVE PROCEEDINGS

11. On or about June 21, 2021, Plaintiff J.P. initiated a Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") which was docketed at PHRC Case No. 202002853.

12. J.P.'s PHRC charge was cross filed with the Equal Employment Opportunity Commission ("EEOC") and docketed as Charge No. 17F202260105.

13. Plaintiff J.P. has been advised of her right to sue in federal court, which notice was dated July 1, 2022, and received thereafter.

14. Plaintiff J.P. received a letter from the PHRC dated June 28, 2022 confirming that at least one year had passed since the filing of her complaint with the PHRC.

15. All necessary and appropriate administrative prerequisites with respect to Plaintiff's right to file this Complaint have been met.

## STATEMENT OF FACTS

16. J.P., who was fifteen (15) years of age at the time, began working for RSU at Subway as a Sandwich Artist on or about February 23, 2021.

17. At all times during her employment with RSU, J.P. performed her job in a satisfactory manner.

18. Throughout the course of her employment with RSU, J.P. was subjected to a sexually hostile work environment as a result of the actions of RSU employee Al Gunderson, who was the husband of Defendant Linda Gunderson, the manager of the Subway.

19. Mr. Gunderson, who typically worked on the same shift as Ms. Gunderson and J.P., often touched J.P. inappropriately, including on her rear end, when he would walk by J.P.

20. On one occasion, Mr. Gunderson asked J.P. if she wanted him to tickle her.

21. On another occasion, Mr. Gunderson had a spatula and told J.P. to bend down so he could spank her.

22. Mr. Gunderson's inappropriate actions towards J.P. were often in the presence of Ms. Gunderson, who was witness to this conduct and even laughed at Mr. Gunderson's actions.

23. Mr. Gunderson would also act in an inappropriate sexual manner towards some of J.P.'s female co-workers, many of whom were also minors.

24. J.P. never consented to Mr. Gunderson's inappropriate sexual actions, and complained to her co-workers about Mr. Gunderson in the presence of Ms. Gunderson.

25. Following J.P.'s complaints about Mr. Gunderson, Ms. Gunderson cut J.P.'s hours.

26. Following the incident involving the spatula, J.P. advised her mother about the situation which was occurring at Subway.

27. On or about May 5, 2021, J.P.'s mother called Defendant Ms. Urbanczuk to make sure Ms. Urbanczuk was aware of the issues that J.P. was experiencing at Subway, and was informed by Ms. Urbanczuk that Mr. Gunderson had caused similar problems in the past.

28. Concerned that Mr. Gunderson had been allowed to continue to work at the Subway when he was a known predator, J.P. and her mother decided that it was in the best interest of J.P.'s safety and security that she resign her position at Subway on or about May 6, 2021.

29. As a result of the failure of RSU, Ms. Urbanczuk and Ms. Gunderson to take action to protect J.P. from a sexually hostile work environment, J.P. has suffered, and continues to suffer from, economic loss and severe emotional distress.

30. As a result of the actions of Subway, Ms. Urbanczuk and Ms. Gunderson to retaliate against J.P. for complaining about the actions of Mr. Gunderson by cutting her hours, J.P. has suffered, and continues to suffer from, economic loss and severe emotional distress

31. Based upon these facts, J.P. was discriminated against and subjected to a sexually hostile work environment on the basis of her gender, as well as retaliated against for reporting the aforementioned harassment.

## COUNT I

### VIOLATIONS OF TITLE VII
### SEXUALLY HOSTILE WORK ENVIRONMENT

**(J.P. vs. Subway)**

32. All prior paragraphs are incorporated herein as if set forth fully below.

33. RSU created, permitted, tolerated, encouraged and fostered a sexually hostile, intimidating, demeaning, degrading and demoralizing environment at the Subway where J.P. worked.

34. The sexually hostile environment was specifically known to RSU's management, which took no meaningful or effective action to remediate the offending behavior or to remove the offending environment.

35. As a consequence of the hostile environment supported and encouraged by RSU's actions and failures to act, J.P. was subjected to emotional distress, physical injury, a loss of self

respect and confidence, humiliation, ridicule and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage.

36. The actions of RSU set forth above constitute violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq*. (as amended) and the Civil Rights Act of 1991.

**WHEREFORE**, Plaintiff, J.P., respectfully requests this Honorable Court to enter judgement in her favor and against Defendant, RSU, Inc., together with back wages, front wages, compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT II

### VIOLATIONS OF TITLE VII
### RETALIATION

**(J.P. vs. Subway)**

37. All prior paragraphs are incorporated herein as if set forth fully below.

38. RSU illegally retaliated against J.P. as a result of her good-faith complaints of a sexually hostile work environment.

39. As a consequence of RSU's retaliatory actions, J.P. was subjected to economic loss, damage to her professional career, emotional distress, physical injury, a loss of self-respect and confidence, humiliation and ridicule, all of which manifested itself in mental and physical distress, injury and damage.

40. The actions of RSU set forth above constitute violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq*. (as amended) and the Civil Rights Act of 1991.

**WHEREFORE**, Plaintiff, J.P., respectfully requests this Honorable Court to enter judgement in her favor and against Defendant, RSU, Inc., together with back wages, front wages, compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT III

### VIOLATIONS OF THE PHRA
### SEXUALLY HOSTILE WORK ENVIRONMENT

### (J.P. vs. All Defendants)

41.  All prior paragraphs are incorporated herein as if set forth fully below

42.  This is an action arising under the provision of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the causes of action complained of in this Count III arise out of the same facts, events and circumstances as Count I, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

43.  By creating, permitting, tolerating, encouraging and fostering a sexually hostile, intimidating, demeaning, degrading and demoralizing environment at its business location where J.P. worked, RSU violated J.P.'s state rights under the PHRA, which prohibits harassment based upon gender.

44.  As a manager with responsibility for RSU's activities, and as someone who had direct knowledge of Mr. Gunderson's tendencies to harass females and allowed this to occur at the Subway, Ms. Urbanczuk is personally liable to J.P. under the PHRA.

45. As a manager with responsibility for RSU's activities, and as someone who had direct knowledge of Mr. Gunderson's unwanted harassment of J.P. and allowed this to occur at the Subway, Ms. Gunderson is personally liable to J.P. under the PHRA.

46. As more fully set forth in Count I, J.P. has suffered directly and solely as a result of the Defendants' actions, both economic harm and emotional distress, and will continue to suffer the same for the indefinite future.

**WHEREFORE**, Plaintiff, J.P., respectfully requests this Honorable Court to enter judgement in her favor and against Defendants, RSU, Inc., Sharon Urbanczuk, and Linda Gunderson, jointly and severally, together with back wages, front wages, compensatory damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

### COUNT IV

### VIOLATIONS OF THE PHRA
### RETALIATION

**(J.P. vs. All Defendants)**

47. All prior paragraphs are incorporated herein as if set forth fully below

48. This is an action arising under the provision of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the causes of action complained of in this Count IV arise out of the same facts, events and circumstances as Count II, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

49. By retaliating against J.P. in response to good faith complaints of sexual harassment, RSU, Ms. Urbanczuk and Ms. Gunderson violated J.P.'s state rights under the PHRA.

50. As a manager with responsibility for RSU's activities, Ms. Urbanczuk is personally liable to J.P. under the PHRA.

51. As a manager with responsibility for RSU's activities, Ms. Gunderson is personally liable to J.P. under the PHRA.

52. As more fully set forth in Count II, J.P. has suffered directly and solely as a result of the Defendants' actions, both economic harm and emotional distress, and will continue to suffer the same for the indefinite future.

**WHEREFORE**, Plaintiff, J.P., respectfully requests this Honorable Court to enter judgement in her favor and against Defendants, RSU, Inc., Sharon Urbanczuk, and Linda Gunderson, jointly and severally, together with back wages, front wages, compensatory damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

**WEISBERG CUMMINGS P.C.**

Dated: July 5, 2022

*/s/ Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*